**Jack L. STANFORD, et al., Appellant,**

v.

**STATE DEPARTMENT OF HIGHWAYS AND PUBLIC TRANSPORTATION,**
Appellee.

No. 21046.

Court of Appeals of Texas, Dallas.

April 30, 1982.

Rehearing Denied July 6, 1982.

James W. Mills, III, Office of Windle Turley, Dallas, for appellant.

Delmar L. Cain, Asst. Atty. Gen., Austin, for appellee.

Before ROBERTSON, STOREY and GUILLOT, JJ.

GUILLOT, Justice.

This is an appeal from a summary judgment. The suit by appellant was for damages sustained in an accident on July 4th, 1978, when an automobile, driven by one of appellant's daughters, approached an overpass in Seagoville, Texas, drifted left, and plunged twenty-six feet, killing another daughter and seriously injuring the driver. The appellant alleged that the failure of the appellee to provide guardrails was a breach of the non-discretionary duty to maintain the highway; and, therefore, a fact issue was raised as to the negligence of the appellee. Because we hold that the construction of guardrails in this instance was dis-

cretionary and not a function of maintaining the existing highway, we affirm.

The resolution of this controversy is determined by the interpretation of the Texas Tort Claims Act, art. 6252–19 § 14(7) Tex. Rev.Civ.Stat.Ann. (Vernon 1970). That section grants an exemption to the State for claims which are based on the failure of a governmental unit to perform a discretionary act. It reads:

Sec. 14. The provisions of this Act shall not apply to:

. . . .

(7) Any claim based upon the failure of a unit of government to perform any act which said unit of government is not required by law to perform. If the law leaves the performance or non performance of an act to the discretion of the unit of government, its decision not to do the act, or its failure to make a decision thereon, shall not form the basis for a claim under this Act.

Appellant contends that the construction of guardrails was statutorily imposed on appellee by art. 6674q–4 which states in pertinent part:

. . . the State Highway Commission shall . . . provide:

(a) for the efficient maintenance of all highways comprising the State system.

Art. 6647q–4 Tex.Rev.Civ.Stat.Ann. (Vernon 1977). There is no question that the maintenance of the highways is a non-discretionary duty. *Sutton v. State Highway Department*, 549 S.W.2d 59 (Tex.Civ.App.—Waco 1977, writ ref'd n. r. e.).

The resolution of the interpretation of art. 6647q–4 is found by answering the following questions:

a) What is maintenance?

b) Is the construction of guardrails in this instance maintenance of the overpass?

Since maintenance is not defined in the statute we must use its commonly accepted definition relying on prior decisions when possible. Tex.Rev.Civ.Stat.Ann. art. 10 (Vernon 1969). To "maintain" has been defined as "to hold or keep in any particular state of efficiency or validity; to support, sustain or uphold; to keep up; not to suffer to fail or decline." *Big Three Welding Equipment Company v. Crutcher, Rolfs, Cummings*, 149 Tex. 204, 229 S.W.2d 600, 603 (1950), citing Black's Law Dictionary, 3rd edition, 1143. It is difficult to see how the construction of guardrails on an overpass which never had guardrails would come within the ambit of the above definition. It surely is not keeping the overpass in "any particular state of efficiency" as it actually changes the state of condition of the overpass. The construction of guardrails on an existing overpass is similar to changing the design of the overpass. Changing the design of an existing overpass is not maintaining the overpass. (*See El Paso Water Improvement District v. City of El Paso*, 243 F.2d 927 (5th Cir. 1957), in which the court distinguished between changes in construction and design as opposed to maintenance of existing bridges.) We conclude maintenance of the overpass is that which is required to preserve the overpass as it was originally designed and constructed.

We hold, therefore, that a decision to add guardrails to the overpass in question was discretionary and therefore exempted under sec. 14(7). The judgment of the trial court is affirmed.