Opinion issued July 3, 2002


 

 


 



 

In The

Court of Appeals

For The

First District of Texas






NO. 01-00-01068-CV






PATRICK L. KELLY, Appellant


V.


THE CITY OF LA MARQUE, Appellee






On Appeal from the 10th District Court

Galveston County, Texas

Trial Court Cause No. 99-CV-0451






O P I N I O N


 Appellant, Patrick L. Kelly, challenges summary judgment rendered in favor
of appellee, the City of La Marque (the City). We address whether the City is
immune from liability for injuries Kelly sustained when he drove a motorcycle into
a metal cable barricade blocking a waterway. (1) We affirm. 

Facts

 In 1999, Kelly lived in a home on Raymond Avenue in La Marque. A
waterway ran behind Kelly's home. Several city streets ended at the waterway. It is
not clear who owned the waterway, but the City had assumed some control over it. 
The City paved part of the waterway, kept another part of it mowed, and also used it
to access some utility poles.

 After several residents complained of criminal activity and illegal dumping on
the waterway, the City closed part of it to traffic by placing barricades at the end of
Kansas, Bellview, and Rosalee Streets. The barricade at the end of Rosalee Street
consisted of metal poles set in the ground in concrete, with a metal cable suspended
between the two innermost poles. Reflective tape was wrapped around and hung
down on the cable. The City did not erect any warning signs prohibiting vehicles
from entering the waterway.

 At about 3:00 p.m. on April 12, 1999, Kelly was riding a friend's motorized
dirt bike in the area behind Kelly's home. Kelly struck the cable at Rosalee Street
while attempting to ride the dirt bike at a speed of about 10 miles per hour down the
blocked part of the waterway. Kelly fell off the dirt bike and injured his wrist. Kelly
sued, claiming the City was negligent because it did not place warning signs around
the barricade, and because the cable did not have reflective tape at the time of the
accident. The City moved for summary judgment, relying on the affirmative defense
of sovereign immunity. Kelly responded to that motion, and, after the trial court
allowed further discovery, the City filed an amended summary judgment motion
raising sovereign immunity, to which Kelly did not respond. The trial court rendered
judgment for the City on the City's amended motion.

Standard of Review

 In reviewing the rendition of a traditional summary judgment, we assume all
evidence favorable to the nonmovant is true. Randall's Food Mkts., Inc. v. Johnson,
891 S.W.2d 640, 644 (Tex. 1995); see also Tex. R. Civ. Proc. 166a(c). We indulge
every reasonable inference and resolve every reasonable doubt in favor of the
nonmovant. Science Spectrum, Inc. v. Martinez, 941 S.W.2d 910, 911 (Tex. 1997). 
A defendant may obtain summary judgment by conclusively establishing all elements
of an affirmative defense, such as immunity from liability, as a matter of law. Ramos
v. Texas Dep't. of Pub. Safety, 35 S.W.3d 723, 726 (Tex. App.--Houston [1st Dist.]
2000, pet. denied).

Sovereign Immunity 

 In two points of error, Kelly challenges the trial court's judgment on several
grounds. We address whether the trial court erred in granting the City's summary
judgment motion.

 Kelly claims that the City waived its immunity under section 101.021(2) of the
Texas Civil Practice and Remedies Code, which permits a governmental unit to
become liable for "personal injury and death so caused by condition or use of tangible
personal or real property if the governmental unit would, if it were a private person,
be liable to the claimant according to Texas law." Tex. Civ. Prac. & Rem. Code
Ann. § 101.021(2) (Vernon 1997).

 The City contends its immunity is not waived because Kelly's claim is based
on the City's discretionary act, as defined in section 101.056(1) of the Texas Civil
Practice and Remedies Code, which avoids waiver of immunity if the alleged
negligence is "the failure of a governmental unit to perform an act that the unit is not
required by law to perform." See Tex. Civ. Prac. & Rem. Code Ann. § 101.056(1)
(Vernon 1997). Moreover, a governmental unit cannot incur liability for a claim
based on the "unit's decision not to perform an act or on its failure to make a decision
on the performance or nonperformance of an act if the law leaves the performance or
nonperformance of the act to the discretion of the governmental unit." Tex. Civ.
Prac. & Rem. Code Ann. § 101.056(2) (Vernon 1997).

 Kelly responds that the steel cable constituted a special defect, thus rendering
the immunity provision under section 101.056(2) of the Tort Claims Act inapplicable
because of section 101.060(c), which states a governmental unit may be liable for
injuries arising from failure to "warn of special defects such as excavations or
roadway obstructions." See Tex. Civ. Prac. & Rem. Code Ann. § 101.060(c)
(Vernon 1997). In addition, Kelly argues that, even if the act was discretionary, the
City waived immunity because the City negligently implemented the metal cable
barricade.


 Use of Tangible Personal or Real Property


 The parties agree that Kelly's injury was "caused by a condition or use of
tangible personal or real property," and that the City could "if it were a private
person, be liable to [Kelly] under Texas Law." Tex. Civ. Prac. & Rem. Code Ann.
§ 101.021(2). Therefore, the City waived immunity unless its conduct falls into
another category that maintains immunity.


 Discretionary Act


 A governmental unit does not waive immunity from liability when the decision
in question is discretionary. See Tex. Civ. Prac. & Rem. Code Ann. § 101.056(2). 
A decision to act or to refrain from acting is discretionary if: (1) the governmental
unit is not required by law to perform or not perform; or (2) the law leaves the
performance or nonperformance to the discretion of the governmental unit. Id. 
Whether a governmental activity is discretionary is a question of law. State v.
Miguel, 2 S.W.3d 249, 251 (Tex. 1999); State v. Rodriguez, 985 S.W.2d 83, 85 (Tex.
1999). 

 Texas courts have consistently held that the design of a roadway, the decision
to install safety features, and the decision to regulate traffic by signs, barricades, or
other means, are discretionary decisions for which the State cannot be sued. Texas
Dep't of Transp. v. Ramirez, No. 01-0432, 45 Tex. Sup. Ct. J. 594, 595 (Apr. 25,
2002) (per curiam) (highway median); Miguel, 2 S.W.3d at 250-51 (barrels placed in
front of missing rail to serve as temporary warning device); State v. Rodriguez, 985
S.W.2d 83, 86 (Tex. 1999) (detour around temporary construction); Maxwell v. Texas
Dep't of Transp., 880 S.W.2d 461, 464 (Tex. App.--Austin 1994, writ denied) (three
amber reflectors on a post to warn of culvert); Wenzel v. City of New Braunfels, 852
S.W.2d 97, 100 (Tex. App.--Austin 1993, no writ) (not erecting a barricade, warning
sign, or other device for regulating traffic at county fair); McKinney v. City of
Gainesville, 814 S.W.2d 862, 865 (Tex. App.--Fort Worth 1991, no writ) (barricades
along parade route); Villarreal v. State, 810 S.W.2d 419, 420-21 (Tex. App.--Dallas
1991, writ denied) (exit ramp sign). We hold that the City's decision to block the
waterway was discretionary. Accordingly, the City did not waive its immunity.


 Special Defect


 Even if the decision in question is discretionary, when a resulting condition 
constitutes a special defect, the governmental unit has an obligation to place a
warning device; otherwise, it waives its immunity. See Tex. Civ. Prac. & Rem.
Code Ann. § 101.060(c). Generally, a special defect is a condition that presents an
unexpected and unusual danger to ordinary users of roadways. State Dep't of
Highways & Pub. Transp. v. Payne, 838 S.W.2d 235, 238 (Tex. 1992). Special
defects are obstructions that present unexpected and unusual dangers to ordinary
users of the highway that are beyond the normal course of events. Maxwell, 880
S.W.2d at 465 (citing Payne, 838 S.W.2d at 238). The existence of a special defect
is a question of law. Maxwell, 880 S.W.2d at 465. 

 Although appellant has argued that the lane or waterway is a street, there is no
evidence that the ordinary users of the lane faced an unexpected or unusual danger. 
The evidence shows that the only ordinary users of the lane were drivers of police and
utility vehicles, who had not reported problems with the cable. Moreover, the
barricade had been up for many years and was not a temporary, unexpected, or
unusual danger. We hold that the cable was not a special defect. Consequently, it
was not necessary for the City to have placed a warning device concerning the cable.

 Kelly contends the City was negligent for not placing warning signs around the
poles and steel cable and that the barricade is therefore a special defect. We know of
no authority, nor does Kelly cite any, holding that a governmental unit's discretionary
decision to place a blockade or safety device resulted in that same device's becoming
a special defect for the purposes of section 101.060(c).


 Negligent Implementation


 Kelly next contends that the City waived its immunity because it negligently
implemented its decision to erect the barricade. The City owed no duty to Kelly,
however, unless Kelly established the barricade is either a special defect or a premise
defect. See Payne, 838 S.W.2d at 237. We have already held that the City did not
waive its immunity under a special defect theory. Under a premises-defect theory,
Kelly must show that the City actually knew of the dangerous condition. See id. at
237. Kelly has not shown that the City actually knew, or even that it should have
reasonably known of, the condition. Therefore, Kelly has not established that the
City waived its immunity. (2)

 We overrule Kelly's two points of error. 

Conclusion

 We affirm the judgment of the trial court.


 

 Tim Taft

 Justice


Panel consists of Justices Cohen, Hedges, and Taft.

Justice Cohen did not participate in this decision.

Do not publish. Tex. R. App. P. 47.4.
1. A waterway is an area underneath which lies a drainage system of the adjacent
area. This waterway is commonly referred to as the "Raymond Street
Waterway." It consists of a 20' wide waterway and a 21.5' lane adjacent to one
side. It is identified as a lane in official map records. It can support motor
vehicular traffic.
2. Once governmental immunity has been established, and the governmental
entity's duty thus negated, facts relating to the entity's negligence or negligent
implementation are immaterial. Maxwell, 880 S.W.2d at 465 (citing Eakle v.
Texas Dep't of Human Servs., 815 S.W.2d 869, 874 (Tex. App.--Austin 1991,
no writ).