Opinion filed June 11, 2009











 
 
  
 
 







 
 
  
 
 




Opinion filed June 11,
2009

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                   __________

 

                                                          No. 11-07-00365-CV 

                                                    __________

 

          CHRISTINA GOODSON, INDIVIDUALLY AND ON BEHALF OF 

                          ZACHARY
GOODSON, A MINOR, Appellant

 

                                                             V.

 

                                       CITY
OF ABILENE, Appellee

 



 

                                         On
Appeal from the 104th District Court

 

                                                          Taylor
County, Texas

 

                                                  Trial
Court Cause No. 23988-B

 



 

                                                                   O
P I N I O N

 

 This
is a premises liability claim against a municipality.  The trial court granted
the City of Abilene=s
plea to the jurisdiction.  We affirm.

                                                             I. 
Background Facts








Christina
Goodson, individually and on behalf of Zachary Goodson, filed suit against the
City of Abilene for injuries Zachary sustained when he fell into the basement
of the City=s
library.  Christina alleged that Zachary fell because he was able to pass
through a railing on the first floor overlooking the basement.  Christina
contended that the City was negligent in a number of respects, including
failing to make the railing safe for children and failing to warn of the
dangerous condition.  The library was built in 1959.  The stairway and railing
were part of the original construction, met the building code in effect at that
time, and have not been removed or replaced.

                                                                       II. 
Issues

 Christina
challenges the trial court=s
dismissal with a single issue, contending that the court erred when it
concluded that it did not have jurisdiction over her claim.

                                                        III. 
Analysis

A. 
Standard of Review.

A
party who sues a political subdivision of the state, such as a municipality,
must establish that the legislature has consented to the suit. Tex. Civ. Prac. & Rem. Code Ann. '' 101.001(3)(A)-(B),
101.025 (Vernon 2005); Tex. Dep=t
of Transp. v. Jones, 8 S.W.3d 636, 638 (Tex. 1999).  Without this consent,
governmental immunity deprives the trial court of subject‑matter
jurisdiction.  8 S.W.3d at 638.  Whether a trial court has subject‑matter
jurisdiction is a question of law subject to a de novo review.  Mayhew v.
Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998).  Consequently, we
review a trial court=s
order denying a jurisdictional plea based on governmental immunity de novo.  Tex.
Natural Res. Conservation Comm=n
v. IT‑Davy, 74 S.W.3d 849, 855 (Tex. 2002).

B. 
Governmental Immunity.








Christina
argues that the trial court had jurisdiction because she pleaded viable causes
of action under both common law and the Texas Tort Claims Act.[1] 
The City answers that the trial court lacked jurisdiction because there was no
waiver of its immunity from suit.  Sovereign immunity refers to the State=s immunity from suit and
liability.  Fed. Sign v. Tex. S. Univ., 951 S.W.2d 401, 405 (Tex.
1997).  This immunity extends to divisions of state government, such as boards,
hospitals, and universities. Lowe v. Tex. Tech Univ., 540 S.W.2d 297,
298 (Tex. 1976).  Political subdivisions, including cities, counties, and school
districts, are protected by governmental immunity. City of LaPorte v.
Barfield, 898 S.W.2d 288, 291 (Tex. 1995).  Sovereign immunity and
governmental immunity are frequently used interchangeably, but they represent
distinct concepts.  Harris County v. Sykes, 136 S.W.3d 635, 638
(Tex. 2004); Wichita Falls State Hosp. v. Taylor, 106 S.W.3d 692, 694
n.3 (Tex. 2003).[2]

The
Tort Claims Act provides a limited waiver of governmental immunity, but it does
not apply to an act or omission that occurred before January 1, 1970.  Section
101.061.  The City contends that, because the library was built in 1959 and has
not been modified since, there is no waiver of liability.  Christina argues
that the City knew or should have known after 1970 that the railing was unsafe
but that it failed to take any measures to make the railing safe or to provide
a warning.  Therefore, she contends that the City=s
liability has been waived.  Texas Courts have consistently rejected similar
arguments for structures built before 1970.[3] 
Courts have held that in this instance the actionable conduct occurs when the
structure is built and that the failure to provide additional safety features
or devices after 1970 is not an act or omission within the meaning of the Tort
Claims Act.  See, e.g., Maxwell, 880 S.W.2d at 466.  The trial court did
not err when it found that the City=s
immunity was not waived by the Tort Claims Act.








Additionally,
Christina contends that the City is liable for its pre-1970 actions under
common law.  A municipality can be sued for pre-1970 acts or omissions if the
claim arises out of the municipality=s
common-law proprietary functions.  City of Tyler v. Likes, 962 S.W.2d
489, 500-01 (Tex. 1997).  If the claim arises out of the exercise of a
governmental function, immunity is not waived.  Dillard v. Austin Ind. Sch.
Dist., 806 S.W.2d 589, 593 (Tex. App.CAustin
1991, writ denied).  The City contends that library maintenance and operation
are governmental functions, and it points to Section 101.0215(a)(15).  This
statute classifies numerous functions as governmental or proprietary, and it
lists library operation and maintenance as a governmental function.  That
classification, however, applies to suits for actions occurring after the Act=s effective date. 
Christina=s common-law
claim is based upon pre-1970 actions.  Section 101.0215(a)(15), therefore, does
not apply.  See Likes, 962 S.W.2d at 502.

There
has been limited litigation concerning libraries, but they have twice been
described as a proprietary function.  See City of Houston v. Wormley,
623 S.W.2d 692 (Tex. Civ. App.CHouston
[1st Dist.] 1981, writ ref=d
n.r.e.); Bennett v. Brown County Water Imp. Dist. No. 1, 272 S.W.2d 498,
507 n.11 (Tex. 1954).  The City does not cite, and we have been unable to find,
any court characterizing the operation of a library as a governmental
function.  Consequently, we agree with Christina that the operation and
maintenance of a library is a proprietary function for purposes of a pre-1970
common-law claim.  That, however, does not mean that governmental immunity is
waived for all claims involving libraries.

In
Likes, 962 S.W.2d 489, a homeowner filed suit against the City of Tyler
claiming that floodwaters flowing through a municipal culvert system damaged
her home.  Under common law, the construction and maintenance of a storm sewer
was a proprietary function.  City of Round Rock v. Smith, 687
S.W.2d 300, 303 (Tex. 1985).  But the court distinguished the construction and
maintenance of a storm sewer from its design because the latter involved the
exercise of deliberate judgment and large discretion while the former was
ministerial.  962 S.W.2d at 501.  Texas courts have repeatedly held that
decisions on what safety features or warnings to utilize are discretionary and
that immunity is not waived for claims based upon them.[4]








Christina=s claim implicates
discretionary design decisions.  Christina alleged that the railing overlooking
the basement was a dangerous condition because children could pass through or
under it and that it was an attractive nuisance.  She did not allege that the
railing was altered after the building=s
construction or that it became a dangerous condition or attractive nuisance
over the passage of time.  Therefore, if the railing is a dangerous condition
today, it is because it was either improperly designed or because the City did
not utilize appropriate warnings.  These are discretionary decisions, and the
City has not waived its governmental immunity for them.  The trial court did
not err when it granted the City=s
plea to the jurisdiction.   

                                                        IV. 
Holding 

The
judgment of the trial court is affirmed.

 

 

RICK STRANGE

JUSTICE

 

June 11, 2009

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









     [1]Tex. Civ. Prac. & Rem. Code Ann. '' 101.001-.109 (Vernon 2005 & Supp. 2008). 





     [2]Sovereign immunity
bars a political subdivision=s claims against
a state agency, unless expressly waived, but governmental immunity does not bar
a state agency=s claims against a political subdivision. Compare
Tex. Dep=t of Transp. v. City of Sunset Valley, 146 S.W.3d 637, 641‑44 (Tex. 2004), with
Tex. Workers= Comp. Comm=n v. City of Eagle Pass/Tex. Mun. League Workers= Comp. Joint Ins. Fund, 14 S.W.3d 801, 803‑04 (Tex. App.CAustin 2000, pet. denied).





     [3]See, e.g.,
Maxwell v. Tex. Dep=t of Transp.,
880 S.W.2d 461, 465-66 (Tex. App.CAustin
1994, writ denied) (because highway was built in 1950s, TxDOT was immune); Barron
v. Tex. Dep=t of Transp.,
880 S.W.2d 300, 302 (Tex. App.CWaco 1994, writ
denied) (because bridge was built in 1920s and upgraded in 1950s, TxDOT was
immune); Chapman v. City of Houston, 839 S.W.2d 95, 99 (Tex. App.CHouston [14th Dist.] 1992, writ denied) (state
university was immune from liability for injuries suffered as a result of the
failure to warn of condition on bridge built before 1970); Shives v. State,
743 S.W.2d 714, 716 (Tex. App.CEl Paso 1987,
writ denied) (State was immune from liability for the design of intersection
constructed before 1970); Burnett v. Texas Highway Dept., 694 S.W.2d
210, 211-12 (Tex. App.CEastland 1985, writ ref=d
n.r.e.) (State was immune from liability for injuries sustained on portion of
highway constructed before 1970).





     [4]See, e.g.,
Stanford v. State Dept. of Highways & Pub. Transp., 635 S.W.2d 581
(Tex. App.CDallas 1982, writ ref=d
n.r.e.) (whether to add guardrails to an overpass approach is a design
question, not a maintenance issue; thus, it is a discretionary function that
makes the decision exempt from liability); Tarrant County Water Control
& Improvement Dist. No. 1 v. Crossland, 781 S.W.2d 427, 432 (Tex. App.CFort Worth 1989, writ denied), disapproved of on
other grounds by City of Dallas v. Mitchell, 870 S.W.2d 21, 23 (Tex. 1994)
(immunity not waived for claims based upon design decisions, including the
decision not to utilize lights, signs, or other safety features, that were made
pre-1970); Maxwell, 880 S.W.2d at 464 (it is improper for a court to
second-guess TxDOT=s decision concerning the placement of a culvert and
the use of safety features in connection with this culvert).