ACCEPTED
03-15-00292-CV
7401622
THIRD COURT OF APPEALS
AUSTIN, TEXAS
10/15/2015 5:41:57 PM
JEFFREY D. KYLE
CLERK

## No. 03-15-00292-CV

In the Third Court of Appeals
Austin, Texas

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
10/15/2015 5:41:57 PM
JEFFREY D. KYLE
Clerk

THE CITY OF AUSTIN, Defendant – Appellant

v.

JENNIFER FRAME, INDIVIDUALLY, AND AS PERSONAL
REPRESENTATIVE OF THE ESTATE OF JOHN WILLIAM GRIFFITH, GREG
GRIFFITH, CHERYL BURRIS AND DIANA PULIDO, Plaintiffs - Appellees

Appeal from Cause No. D-1-GN-12-003557
53rd Judicial District Court of Travis County, Texas

## APPELLANT'S REPLY BRIEF

ANNE L. MORGAN, INTERIM CITY ATTORNEY
MEGHAN L. RILEY, CHIEF, LITIGATION
CHRIS EDWARDS
Assistant City Attorney
State Bar No. 00789276
Chris.edwards@austintexas.gov
City of Austin-Law Department
P. O. Box 1546
Austin, Texas 78767-1546
Telephone: (512) 974-2419
Facsimile: (512) 974-1311

**COUNSEL FOR DEFENDANT - APPELLANT**

# IDENTITY OF PARTIES AND COUNSEL

**Defendant - Appellant**
The City of Austin

**Plaintiffs - Appellees**
Jennifer Frame, Individually, and as Personal Representative of the Estate of John William Griffith, Greg Griffith, Cheryl Burris and Diana Pulido

**Counsel for Defendant – Appellant**
Chris Edwards
Assistant City Attorney
State Bar No. 00789276
chris.edwards@austintexas.gov
City of Austin - Law Department
P.O. Box 1546
Austin, Texas  78767-1546
Telephone:  (512) 974-2419
Facsimile:   (512) 974-1311

**Counsel for Plaintiffs - Appellees**
Sean E. Breen
State Bar No.00783715
sbreen@howrybreen.com
HOWRY BREEN & HERMAN, L.L.P.
1900 Pearl Street
Austin, TX  78705-5408
Telephone: (512) 474-7300
Facsimile:   (512) 474-8557

Mike Davis
State Bar No. 05549500
mdavis@slackdavis.com
SLACK & DAVIS, L.L.P.
2705 Bee Cave Road, Suite 220
Austin, Texas  78746
Telephone:  (512) 795-8686
Facsimile:   (512) 795-8787

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ......................................................... ii

TABLE OF CONTENTS .................................................................................. iii

INDEX OF AUTHORITIES ........................................................................ iv, v

ARGUMENT AND AUTHORITIES .................................................................1

    A.    Appellees negligence claim fails to confer jurisdiction under the Texas Tort Claims Act ("TTCA") ..........................................................1

        1.    Appellees negligence claim does not fall within the scope of the TTCA. ...................................................................................1

        2.    Appellees negligence claim does not fall within the TTCA limited waiver of immunity. ......................................................2

    B.    Texas law is clear that governmental immunity is not waived for discretionary decisions. ..........................................................4

        1.    The TTCA expressly excludes discretionary decisions from the waiver of immunity. ...............................................................4

        2.    Appellees failed to respond to Appellant's Texas cases specific to roadways. ......................................................................5

    C.    Appellees fail to identify a policy formulated for the accident site. ......8

        1.    The audit report expressly recognizes that discretion is exercised. ...............................................................................8

        2.    Appellees fail to identify a ministerial act which is mandatory and leaves nothing to discretion or judgment. ...........................9

        3.    The City's overall goal is to fix safety hazards. ........................10

    D.    No genuine material fact issues are raised to overcome immunity. ...11

CERTIFICATE OF SERVICE ..........................................................................13

CERTIFICATE OF COMPLIANCE .................................................................14

# INDEX OF AUTHORITIES

**Cases**

*Bellnoa v. City of Austin,*
 894 S.W.2d 821 (Tex.App. —Austin, 1995, no writ) ............................................9

*Bland Indep. Sch. Dist. v. Blue,*
 34 S.W.3d 547 (Tex. 2000)....................................................................................1

*Burnett v. Texas Highway Dep't,*
 694 S.W.2d 210 (Tex.App.—Eastland 1985, writ ref'd n.r.e.......................... 6, 12

*City of Lancaster v. Chambers,*
 883 S.W.2d 650 (Tex.1994)....................................................................................8

*City of El Paso v. Ayoub*,
 787 S.W.2d 553 (Tex.App.—El Paso 1990, writ denied) ......................................6

*City of Mission v. Cantu,*
 89 S.W.3d 795 (Tex.App.—Corpus Christi 2002) ............................... 1, 2, 3, 4, 9

*Maxwell v. Texas Dep't of Transp.,*
 880 S.W.2d 461 (Tex.App.—Austin 1994, writ denied)....................................5, 6

*Mogayzel v. Texas Dep't of Transp.,*
 66 S.W.3d at 459 (Tex.App. —F.Worth 2001) ......................................................9

*Stanford v. State Dep't of Highways & Pub. Transp.,*
 635 S.W.2d 581 (Tex.App.—Dallas 1982, writ ref'd n.r.e.) .................................6

*State v. Miguel,*
 2 S.W.3d 249 (Tex. 1999)................................................................................ 5, 11

*State v. Rodriguez,*
 985 S.W.2d 83 (Tex. 1999)............................................................................. 5, 10

*Tarrant County Water Control and Imp. Dist. No. 1 v. Crossland,*
 781 S.W.2d 427 (Tex.App.—Ft. Worth 1989) ................................................. 4, 11

*Tex. Ass'n of Bus. v. Tex. Air Control Bd.,*
 852 S.W.2d 440 (Tex. 1993)..................................................................................1

*Tex. Dep't of Transp. v. Hathorn,*
  2012 WL 2989235 (Tex.App.—Austin 2012)................................ 5, 6, 7, 8, 10, 11

*Texas Dep't of Transp. v. Ramirez,*
  74 S.W.3d 864 (Tex. 2002).............................................................. 4, 5, 7, 9, 12

*Wenzel v. City of New Braunfels*,
  852 S.W.2d 97 (Tex.App.—Austin 1993, no writ) ...................................... 6, 7, 8

**Statutes**

*Tex.Civ.Prac.&Rem.Code* §101.021(2) ..................................................................1, 2

*Tex.Civ.Prac.&Rem.Code,* §101.056......................................................... 1, 3, 4, 6, 7

**I.**

**ARGUMENT AND AUTHORITIES**

Appellees claims do not fall within the scope of liability of §101.021 or any other provision of the TTCA, and governmental immunity is not waived under §101.056, depriving the trial court of jurisdiction. To determine whether appellees have affirmatively demonstrated the court's jurisdiction to hear the case, we consider the facts alleged in the petition, and to the extent it is relevant to the jurisdictional issue, the evidence submitted by the parties to the trial court, if any. *Bland Indep. Sch. Dist. v. Blue,* 34 S.W.3d 547, 554 (Tex. 2000). Appellees submitted evidence of: (i) photographs of the accident site, ROA 34; (ii) a 2006 police report, ROA 45-53; (iii) a 2014 audit report of the Parks and Recreation Department ("PARD"), ROA 54-63; and (iv) the response from PARD to the audit report, ROA 64-65.

**A. Appellees negligence claim fails to confer jurisdiction under the Texas Tort Claims Act ("TTCA").**

Appellees bear the burden to allege facts affirmatively demonstrating the trial court's jurisdiction to hear the case. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.,* 852 S.W.2d 440, 446 (Tex. 1993). "Since a governmental unit is protected from suit by sovereign immunity, pleadings in a suit against a governmental unit must affirmatively demonstrate, either by reference to a statute or express legislative permission, that the legislature consented to the suit. *City of Mission v. Cantu,* 89 S.W.3d 795, 800 (Tex.App.—Corpus Christi 2002).

    1.    <u>Appellees negligence claim does not fall within the scope of the TTCA.</u>

Appellees' petition claims negligence and gross negligence, but fails to cite

1

to the Texas Tort Claims Act, or any provision therein.1  ROA 11-21.  Appellees' petition fails to identify any condition or use of real property on either W. Cesar Chavez St. or the Hike and Bike Trail.  ROA 11-21.  They generally allege a "dangerous condition," but fail to identify the condition of the road or trail which is dangerous, or which caused the accident, and such general allegations do not invoke the TTCA.  ROA 5.  *Cantu,* at fn 16 ("We do not discuss the claim that the City was 'generally negligent' as such a claim is facially insufficient to raise a claim under the Texas Tort Claims Act.")  They rely solely on alleged "prior instances of vehicles dangerously travelling up over the curb onto the Hike and Bike Trail," to claim negligence against the City.  ROA 5.  Appellees then draw the conclusion from prior instances that "the City failed to safely construct and maintain the Trail," without identifying any condition of the trail which the City failed to construct and maintain.  ROA 5.

To fall within the scope of the TTCA, Appellees must assert a claim under Section 101.021.  "[T]he assertion of a negligent implementation theory of liability arises only after a plaintiff has property asserted a waiver of immunity under section 101.021."  *Cantu,* at 813.  "Since appellees failed to do so, the theory of negligent implementation liability does not arise in this case."  *Cantu,* at 813.

2.     Appellees negligence claim does not fall within the TTCA limited waiver of immunity.

Presumably, reference to §101.021(2) in footnote 24 to Appellees' response to the plea to the jurisdiction asserts a TTCA claim.  ROA 37.  Their response to the plea expressly complains of, and submits photographic evidence of, a "sharp

---

1 Appellees only pled a "limited waiver of immunity" in suggesting, but not affirmatively pleading that "in the alternative if necessary, Defendant City of Austin may be held to answer in a court of law for the conduct and occurrence as described above and incorporated here because the injuries and damages made the basis of this suit were caused by premises defects . . . caused by special defects . . . under the recreational use statute."  ROA 17-18.

2

curve" on W. Cesar Chavez St. as the dangerous condition of the road, but fails to identify a dangerous condition of the trail. ROA 34.

Appellees' petition alleges that the "City, including the Parks and Recreation Department [PARD], failed to maintain the Trail in a reasonably safe condition, failed to adequately warn of the unsafe condition and failed to fix or repair the dangerous condition of the Trail." ROA 15. They allege that the City "pursuant to policy, recognized the need for action to protect users of the Trail in that location and called for and supported the construction of a guardrail or barrier."2 ROA 16.

Construing the pleadings liberally, "claims fall into two categories: (1) complaints related to the design of the road . . . and (2) complaints regarding the lack of warning devices such as road sign, traffic signals, barriers . . . [b]oth categories are inclusive of the claims made as to the 'construction' of the road." *Cantu,* at 806 (plaintiffs specifically identified "barriers, sign, reflectors and striping"). "Despite the use of the term 'construction,' there is no claim that the condition of the road, i.e., the surface, materials, etc., was defective, that is, did not comport with the original design as intended by the City, rather the complaints go solely and directly to the original design of the road, including the lack of certain features." *Cantu,* at fn18 ("finding that plaintiffs' negligent construction and maintenance claims failed as a matter of law as they were simply design claims assigned 'new labels')." Similarly, Appellees allegation that "the City failed to safely construct and maintain the Trail," are simply design claims assigned "new labels," to circumvent the exception to the waiver of immunity under §101.056 of the TTCA.

"The salient question in determining whether a certain function is discretionary, and thus whether section 101.056 applies, is not whether the

---

2 On appeal, there is no reference to a "guardrail or barrier," by implication or otherwise, in Appellees Brief.

3

governmental unit 'formally' exercised its discretionary power but rather whether the function in question was one which was within the scope of the governmental units' discretionary power, that is, not mandatory by law." *Cantu,* at 810. Appellees cite to no law which mandated action at the accident site. "It is well established that both road design and the failure to equip a road with warning devices or traffic signals, either at the time of the original construction or at a later time are discretionary decisions, and governmental units are immune from liability and suit for such claims unless the unit was required by law to take or refrain from a certain action." *Cantu,* at 811, citing *Texas Dep't of Transp. v. Ramirez,* 74 S.W.3d 864, 867 (Tex. 2002).

**B.      Texas law is clear that governmental immunity is not waived for discretionary decisions.**

Appellees fail to cite to any Texas cases to support a waiver of governmental immunity for discretionary decisions.

1.      The TTCA expressly excludes discretionary decisions from the waiver of immunity.

Appellees fail to cite to the controlling TTCA provision. "This chapter does not apply to a claim based on: (1) the failure of a governmental unit to perform an act that the unit is not required by law to perform; or (2) a governmental unit's decision not to perform an act or on its failure to make a decision on the performance of an act if the law leaves the performance or nonperformance of the act to the discretion of the governmental unit." *Civ.Prac.&Rem.Code,* §101.056. Discretionary Powers.

First, Appellees fail to identify any law that requires the City to act to overcome immunity. *Tarrant County Water Control and Imp. Dist. No. 1 v. Crossland,* 781 S.W.2d 427, 433 (Tex.App.—Ft. Worth 1989) (Appellees did not identify any law which required appellants to warn boaters of the bridge). Second,

4

Appellees actually point to the City's decision not to perform an act, presumably construction of additional safety features, which also does not overcome immunity. "Decisions about highway design and about what type of safety features to install are discretionary policy decisions. *State v. Miguel,* 2 S.W.3d 249, 250 (Tex. 1999). TxDOT "had placed barrels in front of a section of the ramp's missing railing to serve as a temporary warning device." *Miguel,* at 250. The Supreme Court recognized that the plaintiff's "allegations are based on the State's *decision to use* barrels, not upon any claim that they negligently placed the barrels." *Miguel,* at 250 (emphasis in original). "A court should not second-guess a governmental unit's decision about the type of marker or safety device that is the most appropriate." *Miguel,* at 250, citing *Maxwell v. Texas Dep't of Transp.,* 880 S.W.2d 461, 464 (Tex.App.—Austin 1993, no writ) (decision to use barrels and signs was discretionary).

2.     Appellees failed to respond to Appellant's Texas cases specific to roadways.

Appellees fail to cite a single case specific to roadways to show that decisions are not discretionary, and governmental immunity is waived. Appellant cited nine cases from Texas courts, including the Texas Supreme Court and this Court, specific to roadways finding that governmental immunity is not waived for discretionary decisions about roadways. *State v. Miguel*, 2 S.W.3d 249, 251 (Tex. 1999) (""Because the barrel warning system was a discretionary act, the State is entitled to sovereign immunity."); *State v. Rodriguez,* 985 S.W.2d 83, 86 (Tex. 1999) ("the State retained its immunity for detour design and sign placement"); *Texas Dep't of Transp. v. Ramirez,* 74 S.W.3d 864, 867 (Tex. 2002) ("the median's slope and the lack of safety features, such as barriers or guardrails, reflect discretionary decisions for which TxDOT retains immunity under the Act's discretionary function exception); *Tex. Dep't of Transp. v. Hathorn,* 2012 WL

5

2989235 *3 (Tex.App.—Austin 2012) ("The law is clear that TxDOT retains sovereign immunity for discretionary acts of roadway design."); *Wenzel v. City of New Braunfels*, 852 S.W.2d 97, 100 (Tex.App.—Austin 1993, no writ) ("We hold that the City's decision whether to regulate traffic near the County Fair by the means suggested in the Wenzel's petition was discretionary."); *Maxwell v. Texas Dep't of Transp.*, 880 S.W.2d 461, 463 (Tex.App.—Austin 1994, writ denied) ("even though the Department may have used engineering expertise and discretion in the planning and design of the culvert, the action remains in the informed discretion of the agency and exempt from liability"); *City of El Paso v. Ayoub*, 787 S.W.2d 553, 554 (Tex.App.—El Paso 1990, writ denied) ("the design, placement, and upgrading of guardrails and barricades is the exercise of a discretionary power which under Section 101.056 of the Act is immune from liability"); *Burnett v. Texas Highway Dep't,* 694 S.W.2d 210, 212 (Tex.App.—Eastland 1985, writ ref'd n.r.e.) ("The decision to change the median barrier is a discretionary matter which is exempted from liability"); *Stanford v. State Dep't of Highways & Pub. Transp.*, 635 S.W.2d 581, 582 (Tex.App.—Dallas 1982, writ ref'd n.r.e.) ("We hold, therefore, that a decision to add guardrails to the overpass in question was discretionary and therefore exempted").

Appellees fail to address, much less distinguish, all but two roadway cases, both decisions from this Court relying on the other cases cited by Appellant.

First, Appellees argue that the *Hathorn* "decision was largely because the plaintiffs' expert witnesses had offered opinions critical of the roadway's design. No such evidence exists in this case." *Appellees' Brief,* at 25. To the contrary, Appellees are also critical of the roadway's design, expressly complaining of "the sharp curve in the road," even inserting into their pleadings photographs of the curve they complain of at the accident site. ROA 34-35. Appellees allege that "vehicles that lose control," because of the sharp curve, strike pedestrians on the

trail. ROA 34-35. Although Appellees identify no changes to be made at the curve, even if they did the "governmental unit retains immunity for designing a bridge without lighting, but may be liable for failing to maintain the lighting on a bridge that is designed to be illuminated." *Hathorn,* at *6. "Operational or maintenance-level decisions are those involved in 'carrying out' a policy, consisting of ministerial acts that require obedience to orders." *Hathorn,* at *6. Appellees fail to identify the "orders" or any "ministerial acts" that must be obeyed. ("Even taking the evidence in the light most favorable to Hathorn, the non-movant, it is clear that the negligence alleged by Hathorn arose not from fault implementation of the plans, but from TxDOT's policy decision about the roadway's design." *Hathorn,* at *8 (Here, as in *Ramirez,* all of Hathorn's complaints against TxDOT concern the highway's allegedly improper design.) Similarly, Appellees complaint about the "sharp curve" complains of the City's policy decision about the design of Cesar Chavez St.

Second, Appellees argue that *Wenzel* makes "no mention of any allegations in the *Wenzel* opinion that the city had made a decision to implement traffic control or safety measures and had failed to do so, as there are in this case." *Appellees' Brief,* p.25. However, Appellees fail to identify any traffic control or safety measures the City allegedly made a decision to implement. To the contrary, the 2014 audit report expressly rebuts that any decision was made, stating "It is unclear when a decision will be made regarding safety at the location." ROA 60. "Street construction and design, the presence of warning signals, traffic regulation, and maintenance of traffic signals, signs, and hazards are all governmental functions as defined by the Legislature. Texas Tort Claims Act ('the Act') 101.0215(a)(3), (20), (21), (31)." *Wenzel,* at *99. "We hold that the City's decision whether to regulate traffic near the County Fair by the means suggested in the Wenzels' petition was discretionary. Accordingly, section 101.056(2) of the

7

Act bars the Wenzels from suing the City for the failure to perform such acts." *Wenzel*, at *100 (the means suggested was "erect a barricade, warning sign, stop light, or other similar warning device.")

## C. Appellees fail to identify a policy formulated for the accident site.

The jurisdictional evidence submitted by Appellees, a 2014 audit report, establishes that even two years after the accident, the City had neither (a) decided to take any action at the site, nor (b) decided what action to take, stating that **"It is unclear when a decision will be made regarding safety at the location."** (emphasis added). ROA 60. PARD's response to the audit was specific as to playgrounds, but not the trail at W. Ceasar Chavez St. because no decision had been made. ROA 64-65.

Appellees reliance on "management has developed policies aimed at identifying and managing hazards related to patron safety," at all PARD facilities, does not identify a policy specific to Cesar Chavez St. *Appellees' Brief,* p.6. Appellees dispute that they are merely "alleging a broad fix-all-hazards policy that is not sufficiently specific to impose a ministerial burden on the City to act." *Appellees Brief,* p.12. They assert that "the policy upon which Appellees rely only addresses hazards the City has previously identified." *Appellees Brief,* p.12. However, this is just a broad fix-all-identified-hazards policy, in no way identifying any act to be performed at the site, much less the "ministerial acts that require obedience to orders." *Hathorn,* at *6, citing *Chambers,* 883 S.W.2d at 654. "The Texas Supreme Court defines an act as discretionary 'if it requires exercising judgment and the law does not mandate performing the act with such precision that nothing is left to discretion or judgment'." *Hathorn,* at *3.

1. The audit report expressly recognizes that discretion is exercised.

Appellees "petition did not allege that complained-of lack of guardrails, warning signs, or other safety devices on highway came about through negligently

8

implemented policy or plan, but rather only raised a complaint about the original design of highway without such safety features, did not raise a claim for which immunity was waived under the negligent implementation theory of liability." *Cantu,* at 813, citing *Mogayzel,* 66 S.W.3d at 465-66. "Moreover, even if such a claim had been made, the assertion of a negligent implementation theory of liability arises only after a plaintiff has property asserted a waiver of immunity under section 101.021." *Cantu,* at 813. "Since appellees failed to do so, the theory of negligent implementation liability does not arise in this case." *Cantu,* at 813. "Under the facts of this case, no amendment could possibly cure such a defect in the pleadings and, therefore the claims must be dismissed." *Cantu,* at 813, citing *Ramirez,* 74 S.W.3d at 867-68.

The 2014 audit report specifically acknowledges the discretion to be exercised by PARD in ensuring that all facilities are safe. **"We also believe that operational management is in a unique position to best understand their operations and may be able to identify more efficient and effective approaches and we encourage them to do so when providing their response to our recommendations."** (emphasis added). ROA 63. In a similar case, this Court recognized that "the policies and practices are intended to be *guidelines* for the installation of school traffic control devices and are *not intended* to replace sound traffic engineering judgment." *Bellnoa,* at 825 (emphasis in original) ("does not impose a non-discretionary duty on the City . . . does not bind the City in any fashion.")

2.  <u>Appellees fail to identify a ministerial act which is mandatory and leaves nothing to discretion or judgment.</u>

Appellees petition does not assert a "mandatory" duty to act. ROA 11-11-21. *Bellnoa,* at 824 ("The Bellnoas do not explicitly state the basis of the mandatory duty in their pleadings"). Appellees fail to even identify the "act" the

9

City is mandated to perform. Nowhere do Appellees identify what the City is mandated to do, such as place barriers, install signs, erect barricades, construct guardrails, or any other type of construction at the "sharp curve in the road," which is the roadway design feature they complain of. Instead, Appellees allege that the City generally has "a policy in place to eliminate the cause of identified safety hazards or to control the hazards by limiting access to them." *Appellees' Brief,* at p.6. They base the allegation on a 2014 audit report, two years after the incident, but the report makes it obvious that no action to be taken has been identified, stating that "It is unclear when a decision will be made regarding safety at the location." ROA 60.

Appellees argue that the "case is not pleaded as a roadway-design case." *Appellees' Brief,* p.24. However, "claimants may not use creative pleading to recast an act of discretionary roadway design as a premise defect or special defect claim. *Hathorn,* at *3. Appellees specifically complain about the "sharp curve in the road," inserting photographs of the curve into their pleading. ROA 34. *Rodriguez,* at 85 ("Rodriguez failed to complete a ninety-degree turn . . . causing his rig to roll over").

3.  The City's overall goal is to fix safety hazards.

In response to the audit report, PARD affirmed their position. "The Department is committed to ensuring parks and recreational facilities are safe for all to enjoy." ROA 65. This is not a policy, it is the City's overall goal. As Appellees would have it, the overall goal to "First Do No Harm," is a policy which mandates performing an act with such precision that nothing is left to the discretion or judgment of a surgeon.

First, Appellees fail to identify a policy. "[T]he City's Department had a specific policy in place to eliminate the cause of identified safety hazards or to control the hazards by limiting access to them." *Appellees' Brief,* p.6. "Doubtless

10

the State desires to make Texas a safer place, but this general policy goal does not make the State liable for all possible failure to warn. The State may still make specific policy decisions about the design of State projects. *Crossland,* at 432. Second, Appellees fail to identify a policy specific to the accident site, relying on the overall goal to fix safety hazards at all PARD facilities.

**D.   No genuine material fact issues are raised to overcome immunity.**

Appellees assert that "at a minimum, fact issues exist as to whether the City made a policy formulation decision and simply failed to implement it." *Appellees' Brief,* p.25. However, the jurisdictional evidence submitted by Appellees negates a policy, and a waiver of immunity to confer jurisdiction stating that "It is unclear when a decision will be made regarding safety at the location." ROA 60. There is no dispute over the facts, and "[w]hether a governmental act is discretionary is a question of law." *Hathorn,* at *3, citing *Miguel,* 2 S.W.3d at 251.

"Even taking the evidence in the light most favorable to Hathorn, the non-movant, it is clear that the negligence alleged by Hathorn arose not from faulty implementation of the plans, but from TxDOT's policy decision about the roadway's design." *Hathorn,* at *8. Similarly, the negligence alleged by Appellees is the design of W. Ceasar Chavez St., specifically the "sharp curve" and any safety features the City installed, or decided not to install which caused Defendant Joseph Rosales to jump the curb. ROA 34; *Appellees Brief,* p.2. The City's decisions on whether to design the road with a curve, or include safety features are not subject to review.

The Supreme Court reversed denial of a plea to the jurisdiction in a similar case finding that the "petition alleges that the highway's condition where the accident occurred was 'dangerous,' and therefore, TxDOT had a duty 'to correct and/or warn [Ruben] of the presence of the defect of the roadway.' At the jurisdictional hearing, Ramirez offered fourteen police reports about similar

11

accidents on the same section of highway to establish the highway's dangerous condition and to show that TxDOT knew about the dangerous condition." *Ramirez,* 74 S.W.3d at 867. "[T]he lack of safety features, such as barriers or guardrails, reflect discretionary decisions for which TxDOT retains immunity under the Act's discretionary-function exception." *Ramirez,* at 867. Appellees petition alleges that the "danger of a vehicle jumping the curb and entering upon and travelling down the Hike and Bike Trail in that location was well known to the City for years before this tragedy." ROA 14. "This death and damages would have been easily prevented if the City had simply implemented inexpensive construction and maintenance measures it previously identified and knew were needed to guard and protect users of the Hike and Bike Trail in that location." ROA 14. However, changing the design is not "maintenance 'that which is required to preserve the (highway) as it was originally designed and constructed.' The decision to change the median barrier is a discretionary matter which is exempted from liability." *Burnett,* at 212.

RESPECTFULLY SUBMITTED,

ANNE L. MORGAN, INTERIM CITY ATTORNEY
MEGHAN L. RILEY, CHIEF, LITIGATION

/s/　Chris Edwards
CHRIS EDWARDS
Assistant City Attorney
State Bar No. 00789276
chris.edwards@austintexas.gov
City of Austin-Law Department
P. O. Box 1546
Austin, Texas 78767-1546
Telephone: (512) 974-2419
Facsimile: (512) 974-1311

**COUNSEL FOR DEFENDANT - APPELLANT**

12

## CERTIFICATE OF SERVICE

This is to certify that I have served a copy of the foregoing on all parties, or their attorneys of record, in compliance with the Appellate Rules of Civil Procedure, this 15th day of October, 2015.

Sean E. Breen
State Bar No.00783715
sbreen@howrybreen.com
HOWRY BREEN & HERMAN, L.L.P.
1900 Pearl Street
Austin, TX  78705-5408
Telephone:  (512) 474-7300
Facsimile:  (512) 474-8557

Mike Davis
State Bar No. 05549500
mdavis@slackdavis.com
SLACK & DAVIS, L.L.P.
2705 Bee Cave Road, Suite 220
Austin, Texas  78746
Telephone:  (512) 795-8686
Facsimile:  (512) 795-8787

**COUNSEL FOR PLAINTIFFS - APPELLEES**

/s/ Chris Edwards
CHRIS EDWARDS
Counsel for Defendant – Appellant

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitations of Tex. R. of App. P. 9.4(i)(2)(B) because this brief contains 3730 words, excluding the parts of the brief exempted by Tex. R. App. P. 9.4(i)(1).

/s/ Chris Edwards
CHRIS EDWARDS
Counsel for Defendant – Appellee