Sylvia **BURNETT** et al., Appellants,

v.

**TEXAS HIGHWAY DEPARTMENT, Appellee.**

No. 11–84–251–CV.

Court of Appeals of Texas, Eastland.

June 27, 1985.

Rehearing Denied July 25, 1985.

Alfonso L. Melendez, El Paso, for appellants.

Delmar L. Cain, Asst. Atty. Gen., Austin, for appellee.

## OPINION

DICKENSON, Justice.

A large truck-tractor moved to its left in order to avoid a vehicle which was traveling in the same direction and which started to change lanes before its driver saw the truck. The truck hit the metal beam guard fence which was in the median separating east bound traffic from west bound traffic. The truck came through the guard fence and struck a passenger vehicle which was approaching from the opposite direction. The driver[1] of the passenger vehicle and her granddaughter[2] sued the Texas Highway Department,[3] seeking damages under the Texas Tort Claims Act, TEX.REV.CIV. STAT.ANN. art. 6252–19 (Vernon 1970). Defendant's motion for summary judgment that plaintiffs take nothing was granted on October 27, 1983. Plaintiffs appeal. We affirm.[4]

Plaintiffs have briefed one ground of error. They argue that the trial court erred in granting defendant's motion for summary judgment.

We agree with the trial court that the depositions and affidavits show that there is no dispute as to the material facts and that the Texas Highway Department is entitled to summary judgment.

■ The wreck occurred on June 8, 1973, on Interstate Highway 10 inside the City of El Paso. This portion of the highway was designed, and the construction was completed in 1961, prior to the effective date of the Texas Tort Claims Act. Section 14(1) of the Act specifically provides:

---

1. Sylvia Burnett was driving the vehicle. Both of her arms were broken in the wreck. She has partial loss of use of her hands. Her hip socket was cracked, and it bothers her if she walks very much. Her hearing aid was broken, and her nose was broken. Her kidneys were bruised. The doctor told her that she will never be able to work again. Her medical expenses were close to $5,000. She settled her claim against the truck driver for $20,000.

2. Paula Frantz and her small baby were passengers when the truck hit the grandmother's car. The baby was fatally injured in the wreck, and Paula received extensive injuries. She sues for herself individually and as sole heir and surviv-ing parent of the baby. Paula received a broken arm, a cracked rib, and her right leg was broken in three places. She was in the hospital about six weeks, and her medical bills were about $9,000. She settled her claims against the truck driver for $30,000.

3. The official name of defendant has been changed to the State Department of Highways and Public Transportation.

4. This appeal was transferred from the El Paso Court of Appeals to this Court on November 20, 1984. See TEX.REV.CIV.STAT.ANN. art. 1738 (Vernon Supp.1985).

The provisions of this Act shall not apply to: (1) Any claim based upon an act or omission which occurred prior to the effective date of this Act....

Moreover, the summary judgment proof shows that the highway met or exceeded the design and construction standards which existed when the highway was completed in 1961.

■■■ Prior to the 1973 accident, the Texas Highway Department sought federal funds to replace the metal beam guard fence with a rigid barrier, but the change was not made until after the wreck involved in this lawsuit. Plaintiffs argue that this raises a fact issue as to the "maintenance" of the highway.[5] We disagree. Changing or "upgrading" the median barrier is a matter involving the exercise of discretion. Section 14(7) of the Texas Tort Claims Act specifically provides:

The provisions of this Act shall not apply to: ... (7) Any claim based upon the failure of a unit of government to perform any act which said unit of government is not required by law to perform. If the law leaves the performance or nonperformance of an act to the discretion of the unit of government, its decision not to do the act, or its failure to make a decision thereon, shall not form the basis for a claim under this Act.

See and compare *Stanford v. State Department of Highways and Public Transportation*, 635 S.W.2d 581 (Tex.App.—Dallas 1982, writ ref'd n.r.e.). We agree with *Stanford* that "changing the design" is not maintenance and that maintenance means "that which is required to preserve the (highway) as it was originally designed and constructed." The decision to change the median barrier is a discretionary matter which is exempted from liability under Section 14(7) of the Act.

The single point of error is overruled, and the judgment of the trial court is affirmed.

**5.** See TEX.REV.CIV.STAT.ANN. art. 6674q–4 (Vernon 1977) which provides that "from funds available" the Texas Highway Department shall provide for the "efficient maintenance of all highways comprising the State System."