Linda W. BARRON, Appellant,

v.

**TEXAS DEPARTMENT OF TRANSPORTATION, Formerly Known as State Department of Highways and Public Transportation, Appellee.**

No. 10–94–025–CV.

Court of Appeals of Texas,
Waco.

July 20, 1994.

Rehearing Denied Aug. 10, 1994.

Steven J. Williams, Steven J. Williams, P.C., Irving, for appellant.

Grady Click, Mark Heidenheimer, Asst. Attys. Gen., Transportation Div., Austin, for appellee.

Before THOMAS, C.J., and CUMMINGS and VANCE, JJ.

## OPINION

CUMMINGS, Justice.

Linda Barron appeals the granting of a motion for summary judgment in favor of the Texas Department of Transportation. We affirm.

On August 4, 1990, Linda Barron was driving her 1989 Cadillac, following a pickup truck onto the Chambers Creek Bridge on Interstate 45 in Navarro County. The pickup truck veered to the left, revealing a stalled vehicle in the right lane. Barron swerved to miss the stalled vehicle, causing her vehicle to strike the guardrail along the bridge and fall into the creek below.

Barron sued the State Department of Highways and Public Transportation, alleg-ing that the Department's negligence in failing to warn the public of a hazardous condition, particularly the unsafe design and construction of the highway and bridge; in failing to properly design and build the bridge, as well as the highway approaching the bridge, in a safe manner; and in failing to maintain the bridge and supports in a safe and proper condition were a proximate cause of her injuries, including pain and suffering, past and future medical expenses, lost wages and earning capacity, and property damage.

The Department answered and after a substantial period of discovery filed a motion for summary judgment. The Department's motion raised four separate grounds for summary judgment: (1) that the suit was barred by governmental immunity; (2) that the Department breached no duty owed to Barron for a claim arising from a premise defect; (3) that the failure of the Department to provide a guardrail that would stop Barron's car was not a proximate cause of the accident; and (4) that the Department's maintenance of the guardrail was not a proximate cause of Barron's car going through the rail. After a hearing on the motion, the trial court granted the Department's motion without specifying the grounds relied on for its ruling.

In a single point of error, Barron complains that the trial court erred in granting the Department's motion for summary judgment. A defendant who moves for summary judgment on the plaintiff's cause of action has the burden of showing as a matter of law that no material issue of fact exists for one or more elements of the plaintiff's cause of action.[1] The question on appeal, as well as in the trial court, is not whether the summary judgment proof raises fact issues with reference to the essential elements of a plaintiff's claim or cause of action, but is whether the summary judgment proof establishes as a matter of law that there is no genuine issue of fact as to one or more of the essential elements of the plaintiff's cause of action.[2] When a movant for summary judgment relies on an affirmative defense, however, the movant must expressly present and conclusively

1. *Arnold v. National County Mutual Fire Insurance Co.*, 725 S.W.2d 165, 166–67 (Tex.1987).

2. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex.1970).

prove all essential elements of that defense as a matter of law.[3]

In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true, every reasonable inference must be indulged in favor of the non-movant, and any doubts must be resolved in the non-movant's favor.[4] Issues not expressly presented to the trial court, however, may not be considered by the appellate court as grounds for reversal of a summary judgment.[5] Finally, when a summary judgment order does not state the specific grounds upon which it is granted, a party appealing from the judgment must show that each of the independent arguments alleged in the motion for summary judgment was insufficient to support the order.[6]

### Governmental Immunity

■ In the first ground supporting its motion for summary judgment, the Department argued that Barron's suit was barred by the doctrine of governmental immunity. The Department contends that, because the bridge and guardrails were designed and constructed before January 1, 1970, Barron's allegations of negligent design and construction are excluded from the Texas Tort Claims Act's waiver of governmental immunity. According to section 101.061 of the Texas Civil Practice and Remedies Code, the Tort Claims Act does not apply to a claim based on an act or omission that occurred before January 1, 1970.[7] The Department's

motion was supported by the uncontroverted deposition testimony of the Department's supervising resident engineer that the bridge was built in the late 1920's and upgraded around 1950. Because the uncontroverted summary judgment proof establishes as a matter of law that there is no genuine issue of material fact sufficient to defeat the Department's assertion of governmental immunity, we hold that the trial court did not err in granting summary judgment against Barron with regard to her allegations of negligent design and construction.[8]

■ Barron also alleged that the Department was negligent in failing to maintain the bridge and supports in a safe and proper condition. However, "maintenance" means that which is required to preserve the highway as it was originally designed and constructed.[9] Barron, who was forty-three years of age at the time of the accident, testified by deposition that the bridge had been there all of her life and had "been just exactly like it is now" as far as she could remember. Barron has failed to point to any summary judgment evidence that the Department performed any maintenance after January 1, 1970, which contributed to the collision.[10] Furthermore, the Department may not be held liable for the failure to upgrade the guardrails or provide a more modern design.[11] The decision not to replace the original bridge and guardrails was a discretionary function excluded from the Tort Claims Act's waiver of governmental immunity.[12] Accordingly, we hold that the trial

---

3. *See Montgomery v. Kennedy*, 669 S.W.2d 309, 310–11 (Tex.1984).

4. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985).

5. Tex.R.Civ.P. 166a(c); *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 675 (Tex. 1979).

6. *See Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989); *Rogers v. Ricane Enterprises, Inc*, 772 S.W.2d 76, 79 (Tex.1989).

7. *See* Tex.Civ.Prac. & Rem.Code Ann. § 101.061 (Vernon 1986).

8. *See Burnett v. Texas Highway Dep't*, 694 S.W.2d 210, 211–12 (Tex.App.—Eastland 1985, writ ref'd n.r.e.); *Tarrant County Water Control and Im-*

*provement Dist. No. 1 v. Crossland*, 781 S.W.2d 427, 431–32 (Tex.App.—Fort Worth 1989, writ denied); *Chapman v. City of Houston*, 839 S.W.2d 95, 98–99 (Tex.App. Houston [14th Dist.] 1992, writ denied).

9. *Shives v. State*, 743 S.W.2d 714, 716 (Tex. App.—El Paso 1987, writ denied); *Burnett*, 694 S.W.2d at 212.

10. *See Shives*, 743 S.W.2d at 716; *Burnett*, 694 S.W.2d at 212.

11. *See Shives*, 743 S.W.2d at 716.

12. *See* Tex.Civ.Prac. & Rem.Code Ann. § 101.056; *Stanford v. State Dep't of Highways and Public Transp.*, 635 S.W.2d 581, 582 (Tex.App.—Dallas 1982, writ ref'd n.r.e.).

court properly granted summary judgment against Barron with regard to her allegations of negligent maintenance of the bridge and guardrails.

## Premise Defect

█ In response to the Department's motion for summary judgment, Barron argued that the bridge constituted a "special defect." Although the Tort Claims Act does not define a special defect, it provides two examples: excavations or obstructions on highways.[13] Whether a condition is a premise defect or a special defect is a question of law.[14] Conditions on or near a road can be special defects such as excavations or obstructions only if they pose a threat to the ordinary users of a particular roadway.[15] Barron has failed to point to any condition on the bridge that constituted a special defect which was "like an excavation or obstruction on the highway."[16] Because any defect that might have existed cannot, as a matter of law, be considered "special," we will consider the State's duty of care with respect to premise defects.

█ According to section 101.022(a), "If a claim arises from a premise defect, the governmental unit owes to the claimant only the duty that a private person owes to a licensee on private property, unless the claimant pays for the use of the premises."[17] Therefore, the duty owed by the Department to Barron was not to injure her by willful or wanton conduct or by gross negligence.[18] However, if the owner or occupier has actual knowledge of a dangerous condition and the licensee does not, the owner or occupier owes a duty to correct the defect and make the condition reasonably safe or to warn the licensee of the condition.[19] Barron did not plead that the Department engaged in any willful or wanton conduct or gross negligence. She contends only that the Department was negligent in failing to warn her of the dangerous condition. The Department responds that there was no dangerous condition for which it had the duty to warn, arguing that the highway did not cause the accident.[20] Accordingly, we now turn to the proximate cause grounds raised by the Department's motion for summary judgment.

## Proximate Cause

The Department's third ground for summary judgment was that the failure to provide a guardrail which would stop Barron's car was not a proximate cause of the collision. Similarly, in ground four, the Department argued that its failure to maintain the guardrail was not a proximate cause of Barron's car going through the rail.

█ Barron testified by deposition that there was nothing about the road or anything connected with the highway that caused the accident to happen. She also acknowledged that there were "no bumps, no ridges, no nothing" on the roadway that might have contributed to the accident. Furthermore, Barron's expert witness testified that, in his opinion as an engineer, Barron lost control of her vehicle before it hit the guardrail and that the roadway did not contribute to the accident.

█ Accidents in which drivers lose control of their vehicles and leave the roadway are not uncommon. And in a sense such

---

13. Tex.Civ.Prac. & Rem.Code Ann. § 101.022(b).

14. *State Dep't of Highways and Public Transp. v. Payne*, 838 S.W.2d 235, 238 (Tex.1992).

15. *Id.* at 238–39 & n. 3.

16. *See id.* at 238.

17. Tex.Civ.Prac. & Rem.Code Ann. § 101.022(a).

18. *See Payne*, 838 S.W.2d at 237; *State v. Tennison*, 509 S.W.2d 560, 562 (Tex.1974).

19. *Lower Neches Valley Auth. v. Murphy*, 536 S.W.2d 561, 563 (Tex.1976); *see also Flint v. Mickelsen*, 781 S.W.2d 409, 410–11 (Tex.App.— Houston [1st Dist.] 1989, no writ).

20. Pointing to evidence that Barron was familiar with the bridge, the Department argues in its fifth reply point that there is no duty on the part of a premise owner-occupier to warn a licensee of conditions that are perceptible to her, or the existence of which can be inferred from facts within her present or past knowledge. *Citing Murphy*, 536 S.W.2d at 564. However, that ground was not raised by the Department in its motion for summary judgment and will not be considered on appeal as a basis for affirming the judgment. *See McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341 (Tex.1993).

accidents are foreseeable. However, when not brought about by some defects in the highway, they are not incident to ordinary travel and do not happen as a result of the ordinary use of the highways.[21] Therefore, as a matter of law, the Department's failure to provide a guardrail that would have prevented her vehicle from falling off the bridge cannot constitute negligence proximately causing the accident in question.[22] Moreover, Barron testified that, had there been a warning sign on the highway before the bridge, she would have done nothing differently. Because the bridge did not cause Barron's accident, and because the Department's failure to warn was not a proximate cause of her injuries, we conclude that the trial court properly granted summary judgment against Barron on her premise liability claim.

We overrule Barron's single point of error and affirm the judgment.

---

**21.** *City of Dallas v. Maxwell,* 248 S.W. 667, 669 (Tex.Comm'n App.1923, holding approved).

**22.** *See Morris v. City of Houston,* 466 S.W.2d 851, 856 (Tex.Civ.App.—Houston [14th Dist.] 1971, no writ).