Opinion issued October
7, 2010

 



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-08-01011-CV

———————————

Clifford Smith, Appellant

V.

Galveston
County, Appellee



 



 

On Appeal from the 212th District
Court 

Galveston County, Texas



Trial Court Case No. 08-CV-0034



 

O P I N I O N

          Pro se inmate Clifford Smith sued
Galveston County for negligence after he slipped in the jail shower and sustained
injury.  The county filed a plea to the
jurisdiction in which it alleged that it was immune from Smith’s suit.  The trial court granted the plea and
dismissed Smith’s suit against the County. 
In one issue, Smith challenges the trial court’s dismissal by asserting
that the County’s immunity from suit was waived.  

          We affirm.

Background

          On February 28, 2006, Smith was an
inmate in the Galveston County Jail.  He
was housed in the part of the jail known as “Tank F.”  Smith claimed that he slipped as he was
getting out of the shower causing him to fall and hit a table.  Smith alleged that he cut his lip and
sustained other injuries in the fall.  

          Smith sued Galveston County.  He asserted that the County had been
negligent for failing to place a non-skid floor covering “on the smooth
concrete floor to prevent a person from slipping.”  

          The County answered and filed a combined
plea to the jurisdiction and motion for summary judgment.  In its jurisdictional plea, the County
asserted sovereign immunity from suit.  The
County contended, “[Smith] has failed to state a claim within the Texas Tort
Claims Act, and therefore the Court is without jurisdiction over this
case.”  The County pointed out that, by
its terms, the Tort Claims Act does not apply to acts or omissions that
occurred before January 1, 1970.  In
support of its plea, the County offered evidence showing that Tank F was built
in 1960 and that no modifications have been made to that part of the jail since
its construction.  

          Smith responded to the jurisdictional plea
asserting that the County was “negligent in failing to provide a non-slip/skid
floor covering and/or replace the non-slip/skid floor covering in front of the
shower area and that as a result Plaintiff slipped, fell and suffered injury.”  Smith pointed out that the Tort Claims Act waives
immunity from suit for a personal injury caused by a condition or use of
tangible personal or real property if the governmental unit would, were it a
private person, be liable to the claimant according to Texas law.  Smith claimed that the County’s housing of
inmates at the jail facility constituted a use of real property and that his
alleged injuries arose out of “a condition associated with the use of [the]
real property.”  More particularly, Smith
asserted that the County knew of the hazardous nature of the shower floor but had
failed to remedy it.  Smith argued that
the County’s knowledge of the floor’s condition was demonstrated by the County’s
installation of non-skid flooring in the shower of the jail’s medical
unit.  Smith also offered evidence that
other inmates had slipped in the Tank F shower.

Smith
addressed the County’s assertion that the Tort Claims Act does not apply to his
claims because the shower floor has existed unmodified since 1960.  Smith did not dispute that the Tort Claims
Act does not waive sovereign immunity for claims arising from acts or omissions
occurring before 1970.  Instead, Smith asserted
such exception did not apply here because the County “waived the defense of
sovereign immunity” because it “chose to continue the occupation and
utilization of the jail to house prisoners” after 1970.  

          Following a hearing, the trial court
granted the County’s jurisdictional plea and dismissed Smith’s claims against
the County.  This appeal followed.  In one issue, Smith contends that the trial
court erred by dismissing his suit.  

Plea to
the Jurisdiction

A.      Scope
and Standard of Review

A plea to
the jurisdiction based on sovereign immunity challenges the trial court’s
subject matter jurisdiction.  Tex. Dep’t of Parks & Wildlife v.
Miranda, 133 S.W.3d 217, 225–26 (Tex. 2004).  Because subject matter jurisdiction is a
question of law, we review de novo a trial court’s ruling on a plea to the
jurisdiction.  State v. Holland, 221 S.W.3d 639, 642 (Tex. 2007).

The
plaintiff bears the burden of alleging facts that affirmatively demonstrate
that the trial court has subject matter jurisdiction over a case.  Tex.
Ass’n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 446 (Tex. 1993).  When a plea to the jurisdiction challenges the
sufficiency of plaintiff’s pleadings to confer jurisdiction, we determine
whether the pleader has alleged facts that affirmatively demonstrate the court’s
jurisdiction to hear the cause.  See Miranda, 133 S.W.3d at 226.  We construe the pleadings liberally in favor
of the plaintiff and look to the pleader’s intent.  Id.  If the pleadings affirmatively negate the
existence of jurisdiction, then a plea to the jurisdiction may be granted
without allowing the plaintiff an opportunity to amend its petition.  Id.
at 227.

In some
instances, a plea to the jurisdiction may require the court to consider
evidence pertaining to jurisdictional facts.  See id.;
Bland Indep. Sch. Dist. v. Blue, 34
S.W.3d 547, 555 (Tex. 2000).  A plea
should not be granted if a fact issue is presented regarding the court’s
jurisdiction.  Miranda, 133 S.W.3d at 227–28.  But, if the relevant undisputed evidence
negates jurisdiction, then the plea to the jurisdiction must be granted.  Id.
at 228.  We must take as true all
evidence favorable to the plaintiff and “indulge every reasonable inference and
resolve any doubts in [his] favor.”  Id.

B.      Analysis

          Sovereign immunity protects the state
against lawsuits for money damages unless the state has consented to suit.  See
Mission Consol. Indep. Sch. Dist. v. Garcia, 253 S.W.3d 653, 655 (Tex. 2008);
Miranda, 133 S.W.3d at 224.  Governmental immunity operates like sovereign
immunity to afford similar protection to subdivisions of the state, including
counties, cities, and school districts, unless that immunity has been waived.  Harris
County v. Sykes, 136 S.W.3d 635, 638 (Tex. 2004); San Antonio Indep. Sch. Dist. v. McKinney, 936 S.W.2d 279, 283
(Tex. 1996).  

          The Tort Claims Act waives a
governmental unit’s sovereign immunity from suit to the extent that the
governmental unit has liability under the act.  Tex.
Civ. Prac. & Rem. Code Ann.
§ 101.025 (Vernon 2005); City of
Waco v. Kirwan, 298 S.W.3d 618, 622 (Tex. 2009).  Section 101.061 of the act provides that immunity
is not waived for claims based on an act or omission that occurred before
January 1, 1970.  Tex. Civ. Prac. & Rem. Code Ann. § 101.061 (Vernon 2005).
 When a party alleges waiver of immunity
based on a condition or use of personal or real property, the governmental unit
is entitled to immunity if it can prove that (1) the structure was completed
before 1970 and (2) has remained in the same condition since that time.  Rodriguez
v. County of Cameron, No. 13-08-145-CV, 2009 WL 39091, at *2 (Tex.
App.—Corpus Christi Jan. 8, 2009, no pet.) (mem. op.); Maxwell v. Tex. Dep’t of Transp., 880 S.W.2d 461, 465 (Tex. App.—Austin
1994, writ denied).  

Here, Smith
alleges that his injuries occurred as a result of the slippery condition of the
smooth concrete floor inside Tank F’s shower area.  The County supported its jurisdictional plea
with the affidavit of Mike Henson, Commander of the Corrections Division of the
Galveston County Sheriff’s Department. 
His testimony indicated that Tank F was built in 1960 and that no
modifications have been made to Tank F since its construction.  

          Despite Tank F’s pre-1970
construction, Smith maintains that the Tort Claims Act’s waiver of immunity
applies.  He points out that the County
made a decision to continue to use the jail after 1970.  Smith offered evidence to show that, in
conjunction with its continued use, the County knew that the shower floor was slippery
and “hazardous.”  Smith contends that, based
on the County’s continued use and awareness of the hazardous condition, the
County had a duty to install a non-skid floor covering in the shower area.  

A review of
the case law indicates that Smith’s contention is without merit.  Courts have consistently rejected similar
arguments involving structures built before 1970.  See,
e.g., Maxwell, 880 S.W.2d at 465–66; Barron v. Tex. Dep’t of Transp., 880
S.W.2d 300, 302 (Tex. App.—Waco 1994, writ denied); Chapman v. City of Houston, 839 S.W.2d 95, 99 (Tex. App.—Houston
[14th Dist.] 1992, writ denied).  Texas courts have recognized that subjecting
the government to liability under the Tort Claims Act for structures built before
the act’s enactment, and not thereafter modified, would place the government in
the unfeasible position of analyzing every structure under its control to
determine whether it needed to be rebuilt, redesigned, or otherwise modified to
defend against liability.  See Rodriguez,
2009 WL 39091, at *3; Cranford v. City of
Pasadena, 917 S.W.2d 484, 488 (Tex. App.—Houston [14th Dist.] 1996, no
writ).  We agree with other courts that
in such cases, the actionable conduct occurs when the structure is built; the
failure to provide additional safety features or devices after 1970 is not an
act or omission within the meaning of the Tort Claims Act.  See,
e.g., Goodson v. City of Abilene, 295 S.W.3d 692, 695 (Tex. App.—Eastland
2009, no pet.); Maxwell, 880 S.W.2d
at 466.  

Smith further
asserts that the Tort Claims Act operates to waive immunity because the County “modified”
the shower floor located in the jail’s medical unit.  As noted by the County, this was not the
location of Smith’s claimed injury. 
Smith alleges that he was injured in the Tank F shower.  The record indicates that Tank F has remained
unmodified since its construction in 1960. 
Even assuming that the placement of the non-skid flooring in the
infirmary’s shower is of some significance, nothing in the record indicates
that such modification occurred after 1970. 
See Rodriguez, 2009 WL 39091,
at *3 (noting that affidavit which averred that a modification had been made to
the structure at issue failed to show that modification was made after
1970).  On this record, we conclude that
section 101.061 precludes application of the Tort Claims Act to Smith’s
claims.  See Tex. Civ. Prac. &
Rem. Code Ann. § 101.061.

In addition,
the County points to another section of the Tort Claims Act, which preserves
its immunity.  Section 101.056 provides
that immunity is retained for discretionary decisions made by the government.  See Tex. Civ. Prac. & Rem. Code Ann. §
101.056 (Vernon 2005).  

Section
101.056’s discretionary function provision is designed to “avoid judicial
review or interference with those policy decisions committed to other branches
of government.”  See Stephen F. Austin State University v. Flynn, 228 S.W.3d 653,
657 (Tex. 2007).  The provision generally
preserves immunity not only for the government’s public policy decisions, but
also for its failure to act when no particular action is required by law.  See Tex. Civ. Prac. & Rem. Code Ann. § 101.056; Flynn, 228 S.W.3d at 657.  

Smith responds
that the placement of non-skid flooring in Tank F’s shower was a non-discretionary,
ministerial act.[1]  Smith asserts that, once the County placed
non-skid flooring in the medical unit’s shower, it had a ministerial duty to
place similar flooring throughout the jail. 
Smith contends that installation of non-skid flooring in the Tank F
shower was a maintenance activity and, as such, was ministerial.  See City
of Fort Worth v. Gay, 977 S.W.2d 814, 817 (Tex. App.—Fort Worth 1998, no
pet.) (“Maintenance activities undertaken at the operational level are not
discretionary functions and are not immune from liability.”).  

As
suggested by the County, Smith’s argument is flawed.  Smith has pled that the County was negligent
for failing to install non-skid flooring in the tank F shower.  In other words, Smith has alleged that the
County was negligent for failing to install a safety feature that was not part
of the original building construction.  

Installation
of a safety feature that was not part of the original building design is not a maintenance
activity; it is discretionary activity.  See Barron, 880 S.W.2d at 302 (explaining that “maintenance” means that which
is required to preserve a structure as it was originally designed and
constructed; court determined that no evidence was presented in summary
judgment proceeding to show that government had performed any maintenance after
January 1, 1970 that contributed to plaintiff’s injury); Stanford v. State Dept. of Highways & Pub. Transp., 635 S.W.2d
581, 582 (Tex. App.—Dallas 1982, writ ref’d n.r.e.) (concluding that whether to
add guardrails to overpass approach is design question, not a maintenance
issue; thus, it is a discretionary function that makes decision exempt from
liability).  Courts have consistently
held that decisions regarding the installation of safety features are
discretionary determinations for which a governmental unit is immune.  See,
e.g., State v. San Miguel, 2 S.W.3d 249, 251 (Tex. 1999) (holding that decision
to warn of missing guardrail with barrels and signs on a roadway is a discretionary
decision); Wenzel v. City of New Braunfels, 852 S.W.2d 97, 99–100 (Tex. App.—Austin
1993, no writ) (concluding that adding additional lighting along parade route
was discretionary governmental function protected by immunity from claims based
on inadequate safety precautions).  

On point
with this case, courts have held that failing to modify a pre-1970 structure to
install a safety feature that was not part of the original structure is an
exercise of a governmental unit’s discretion for which it retains immunity.  See,
e.g., Goodson, 295 S.W.3d at 696 (holding that city retained immunity
because decision whether to modify balcony railing constructed in 1959, and
never thereafter modified, was discretionary decision); Barron, 880 S.W.2d at 302 (concluding that state agency’s decision
whether to rebuild original
bridge, which was built in 1920s and upgraded in 1950s, was discretionary
decision entitling agency to immunity from suit).  Here, whether the County passively failed to
install the non-skid flooring or actively chose not to install it, such act or
omission was discretionary and not subject to the Tort Claims Act’s waiver of
immunity.  See Tex. Civ. Prac.
& Rem. Code Ann. § 101.056.

          On this record, we conclude that the
Tort Claims Act does not waive the County’s immunity from Smith’s suit.  The trial court properly granted the County’s
plea to the jurisdiction and dismissed Smith’s claims.

          We overrule Smith’s sole issue.

 

 

Conclusion

          We affirm the judgment of the trial
court.

 

 

                                                                   Laura
Carter Higley

                                                                   Justice


 

Panel consists of Justices Keyes, Higley, and Bland.











[1]           Smith does not allege that the County’s placement of
non-skid flooring in the Tank F shower was required by law.