# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-15-00292-CV

City of Austin, Appellant

v.

Jennifer Frame, Individually, and as Personal Representative of the Estate of
John William Griffith; Greg Griffith; Cheryl Burris; and Diana Pulido, Appellees

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT
NO. D-1-GN-12-003557, HONORABLE AMY CLARK MEACHUM, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellees Jennifer Frame, Greg Griffith, Cheryl Burris, and Diana Pulido sued the City of Austin under the Texas Tort Claims Act and the recreational-use statute for damages related to an accident allegedly caused by the City's failure to address a safety hazard. *See generally* Tex. Civ. Prac. & Rem. Code §§ 101.001–.109 (Texas Tort Claims Act); *id.* §§ 75.002, .003(g) (recreational-use statute). The City filed a plea to the jurisdiction, arguing that its governmental immunity was preserved under the Act by the discretionary-powers exception. *See id*. § 101.056. The trial court denied the City's plea to the jurisdiction, and the City filed this interlocutory appeal. For the following reasons, we will reverse the district court's order denying the City's plea to the jurisdiction and render judgment dismissing the case.

## BACKGROUND

On May 7, 2012, Joseph Louis Rosales drove his eastbound vehicle off of West Cesar Chavez Street where North Lamar Boulevard crosses over West Cesar Chavez, jumping the curb and driving onto the hike-and-bike trail located next to the road. His vehicle and debris struck and seriously injured two pedestrians, Colonel John William Griffith and Diana Pulido. Colonel Griffith died as a result of injuries from the incident.

The appellees[1] sued Rosales and the City. Their claims against the City included negligence, gross negligence, premises defect, special defect, and breach of duty owed under the recreational-use statute. The appellees alleged that the City (1) failed to safely construct and maintain the trail, (2) was aware of prior instances of vehicles traveling dangerously over the curb onto the trail in the same or substantially same location, and (3) failed to correct or adequately warn of this dangerous condition. The appellees further alleged that the City had policies requiring it to take corrective action after a safety hazard is identified. Accordingly, the appellees alleged, the Parks and Recreation Department's failure to construct a guardrail or barrier was a failure to carry out a ministerial act required by the City's policy of addressing known hazards.

The City filed a plea to the jurisdiction, asserting that governmental immunity bars the appellees' claims against it because the Act does not waive immunity for discretionary decisions about roadway design and the installation of safety features. The City further asserted that this

---

[1] Jennifer Frame, Greg Griffith, and Cheryl Burris are Colonel Griffith's children. Appellee Pulido is unrelated but was injured during the incident.

jurisdictional defect in the appellees' petition[2] could not be cured by amendment because their factual complaints all concern discretionary decisions. In their response to the City's plea to the jurisdiction, the appellees argued that the City does not have immunity because its failure to address an identified safety hazard on the hike-and-bike trail was a failure to implement an existing policy, not an initial policy or design decision for which immunity is preserved. The district court denied the City's plea to the jurisdiction, and the City perfected this accelerated appeal. *See* Tex. Civ. Prac. & Rem. Code § 51.014(a)(8); Tex. R. App. P. 28.1(a).

## STANDARD OF REVIEW

A plea to the jurisdiction seeks dismissal of a case for lack of subject-matter jurisdiction. *Harris Cty. v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004). Because governmental immunity from suit defeats a trial court's subject-matter jurisdiction, it is properly asserted in a plea to the jurisdiction. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex. 2004); *see also Sykes*, 136 S.W.3d at 638 (explaining that governmental immunity operates like sovereign immunity to afford similar protection to subdivisions of the State, including cities). Subject-matter jurisdiction is a question of law; therefore, we review a trial court's ruling on a plea to the jurisdiction de novo. *Miranda*, 133 S.W.3d at 226.

A plea to the jurisdiction often may be determined solely from the pleadings and sometimes must be. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554–55 (Tex. 2000). When

---

[2] The City filed its plea to the jurisdiction after the appellees added the City as a defendant in their first amended original petition. Because the first amended original petition is the appellees' live pleading, we refer to it as the petition in this memorandum opinion.

3

a plea to the jurisdiction challenges the pleadings, we construe the pleadings liberally in favor of the plaintiff to determine whether the plaintiff has met its initial burden of alleging facts that affirmatively demonstrate the trial court's jurisdiction to hear the cause. *Id.* "Mere unsupported legal conclusions do not suffice." *Bacon v. Texas Historical Comm'n*, 411 S.W.3d 161, 170 (Tex. App.—Austin 2013, no pet.). If the pleadings affirmatively *negate* the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiff an opportunity to amend. *Miranda*, 133 S.W.3d at 227.

When the plea challenges the existence of jurisdictional facts, the court should consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised. *See id.* at 226; *Bland Indep. Sch. Dist.*, 34 S.W.3d at 554–55. Such cases fall into two categories: those in which the jurisdictional issue or facts do not implicate the merits of the plaintiff's case and those in which they do. *See University of Tex. v. Poindexter*, 306 S.W.3d 798, 806 (Tex. App.—Austin 2009, no pet.). In this case, the jurisdictional issue does not implicate the merits of the appellees' case. The City asserted in its plea that the appellees' factual allegations only concern the discretionary decisions of roadway design and installation of safety features, and the appellees responded with evidence to support their contentions that the City had a policy of addressing known safety hazards and that it had failed to implement that policy. The issues of whether the City had such a policy and whether that policy takes the appellees' factual

4

allegations out of the discretionary-powers exception has no bearing on the merits of the appellees'

claim that the City's gross negligence makes it liable for the accident.[3]

When the jurisdictional facts do not implicate the merits and the facts are disputed,

the trial court—not the jury—must make the necessary fact findings to resolve the jurisdictional

issue, and the trial court's explicit or implicit fact finding may be challenged on appeal for factual

and legal sufficiency.[4]  *See Miranda*, 133 S.W.3d at 226 ("'Whether a district court has subject

matter jurisdiction is a question for the court, not a jury, to decide, even if the determination requires

making factual findings, unless the jurisdictional issue is inextricably bound to the merits of the

case.'" (quoting *Cameron v. Children's Hosp. Med. Ctr.*, 131 F.3d 1167, 1170 (6th Cir. 1997))).  If,

however, the facts relevant to jurisdiction are undisputed, the court should make the jurisdictional

determination as a matter of law based solely on those undisputed facts.  *Id.* at 228.  "Our ultimate

inquiry is whether the particular facts presented, as determined by the foregoing review of the

pleadings and any evidence, affirmatively demonstrate a claim within the trial court's subject matter

jurisdiction."  *Bacon*, 411 S.W.3d at 171.

---

[3] Gross negligence involves an objective component, which is that the premises owner's act or omission must involve "an extreme degree of risk, considering the probability and magnitude of the potential harm to others," as viewed from the premises owner's standpoint, and a subjective component, which is the actor's actual awareness of and conscious indifference to an extreme risk of harm.  *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225 (Tex. 2004) (quoting *Louisiana-Pacific Corp. v. Andrade*, 19 S.W.3d 245, 246 (Tex. 1999)).

[4] In contrast, if the challenged jurisdictional fact implicates the merits of the plaintiff's claims, the party asserting the plea to the jurisdiction must overcome a burden similar to a movant's burden for a traditional summary-judgment motion and conclusively negate the fact it is challenging.  *Id.* at 228.

5

Resolution of the jurisdictional issue in this case requires us to construe Section 101.056 of the Texas Tort Claims Act. We review issues of statutory construction de novo. *Texas Lottery Comm'n v. First State Bank of DeQueen*, 325 S.W.3d 628, 635 (Tex. 2010). Our primary objective when construing statutes is to give effect to the Legislature's intent, which we seek first and foremost in the text of the statute. *First Am. Title Ins. Co. v. Combs*, 258 S.W.3d 627, 631–32 (Tex. 2008). The plain meaning of the text is the best expression of legislative intent, unless a different meaning is apparent from the context or application of the plain language would lead to absurd results. *Molinet v. Kimbrell*, 356 S.W.3d 407, 411 (Tex. 2011). "Where text is clear, text is determinative of [legislative] intent." *Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 437 (Tex. 2009).

**ANALYSIS**

**Statutory framework**

A municipality derives governmental immunity from the State's sovereign immunity when the municipality is performing governmental functions. *See City of Galveston v. State*, 217 S.W.3d 466, 469 (Tex. 2007). The Texas Tort Claims Act includes, among other things, a limited waiver of governmental immunity from suits alleging personal injury or death caused by the condition or use of property or by premises defects. *See* Tex. Civ. Prac. & Rem. Code §§ 101.021(2), .022. It also provides that in premises-defect cases, a governmental unit owes the claimant only the duty that a private person owes to a licensee on private property. *Id.* § 101.022(a), (c). When injury or death results on city-owned recreational land, however, the Texas recreational-use statute further limits the city's duty to that owed by a landowner to a

6

trespasser. *Id.* § 75.002; *see also id.* §§ 75.003(g) ("To the extent that this chapter limits the liability of a governmental unit under circumstances in which the governmental unit would be liable under [the Texas Tort Claims Act], this chapter controls."), 101.058 (same). The only duty a premises owner owes a trespasser is the duty not to injure him wilfully, wantonly, or through gross negligence. *Texas Utils. Elec. Co. v. Timmons*, 947 S.W.2d 191, 193 (Tex. 1997). Thus, a municipality waives immunity under the Texas Tort Claims Act and the recreational-use statute only if it is grossly negligent or if it wilfully or wantonly injures the plaintiff.[5] *Miranda*, 133 S.W.3d at 225.

However, the Legislature has specifically preserved immunity against claims arising from discretionary acts and omissions "to avoid judicial review or interference with those policy decisions committed to the other branches of government." *Stephen F. Austin State Univ. v. Flynn*, 228 S.W.3d 653, 657 (Tex. 2007). The Act provides that its waiver of immunity does not apply to claims based on:

> (1) the failure of a governmental unit to perform an act that the unit is not required by law to perform; or
>
> (2) a governmental unit's decision not to perform an act or on its failure to make a decision on the performance or nonperformance of an act if the law leaves the performance or nonperformance of the act to the discretion of the governmental unit.

---

[5] Willful and wanton conduct is synonymous with "gross negligence," and means that the act or omission complained of was the result of conscious indifference to the welfare of the person affected by it. *See Burk Royalty Co. v. Walls*, 616 S.W.2d 911, 916–20 (Tex. 1981); *see also Miranda*, 133 S.W.3d at 230–31, 233 (applying gross-negligence standard to determine question of waiver of sovereign immunity under recreational-use statute).

7

Tex. Civ. Prac. & Rem. Code § 101.056 (discretionary-powers exception). Determining whether a governmental entity's act or failure to act is discretionary is a question of law, not a question of fact. *See, e.g.*, *State v. San Miguel*, 2 S.W.3d 249, 251 (Tex. 1999) (per curiam); *Wenzel v. City of New Braunfels*, 852 S.W.2d 97, 99 (Tex. App.—Austin 1993, no writ).

**Discretionary-powers exception**

The sole issue on appeal is whether the appellees' allegations concern discretionary roadway design and installation of safety features, as the City contends, or a negligent failure to implement a previously formulated policy, as the appellees contend. *See Flynn*, 228 S.W.3d at 657 ("[A] distinction is drawn between the negligent formulation of policy, for which sovereign immunity is preserved, and the negligent implementation of policy, for which immunity is waived."); *State v. Rodriguez*, 985 S.W.2d 83, 85 (Tex. 1999) ("Design of any public work, such as a roadway, is a discretionary function involving many policy decisions, and the governmental entity responsible may not be sued for such decisions."), *abrogated on other grounds by Denton Cty. v. Beynon*, 283 S.W.3d 329, 331 n.11 (Tex. 2009). The City asserts that the appellees' factual allegations demonstrate that the alleged negligence concerns roadway design and the installation of safety features. The appellees' allegations include the following:

- "[V]ehicles traveling at a high rate of speed on West Cesar Chavez Boulevard enter a sharp turn . . . and in the very same location joggers, bikers, and other pedestrians on City park land come within feet of those vehicles as the path of the trail converges with the road . . . . That is why the City, through the assistant director of its Parks and Recreation Department, decided a [solid concrete] barrier should be installed on the south side of the road as well."

8

- Less than two months before the accident, a Parks and Recreation employee "noted that 'concerns kept coming up' from citizens about the absence of a barrier on the south side of the road near the Lamar Boulevard overpass, particularly after a barrier had been installed on the north side of the road."

- The location of the accident "was a danger and peril that the City of Austin knew existed, never warned of and should have corrected and averted through simple construction and maintenance. Instead, the City failed to safely construct and maintain the Trail for the worst reason possible – to save a little money . . . . Incredibly, the estimated $35,000 cost was cited as one reason [a barrier] was not constructed."

The appellees respond that their allegation that the City failed to implement an existing policy to eliminate or control identified hazards states a claim that is not barred by immunity.

In construing Section 101.056's discretionary-powers exception to the Texas Tort Claims Act's waiver of immunity, the Supreme Court of Texas has determined that "[a]n act is discretionary if it requires exercising judgment and the law does not mandate performing the act with such precision that nothing is left to discretion or judgment." *Rodriguez*, 985 S.W.2d at 85 (citing *City of Lancaster v. Chambers*, 883 S.W.2d 650, 654 (Tex. 1994)). This construction comports with the United States Supreme Court's construction of the Federal Tort Claims Act's discretionary-function exception, from which the Texas Tort Claims Act's discretionary-powers exception is derived. *See United States v. Gaubert*, 499 U.S. 315, 322 (1991) (Federal Tort Claims Act's discretionary-function exception applies only to acts that "'involv[e] an element of judgment or choice,'" and "[t]he requirement of judgment or choice is not satisfied if a 'federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow,' because 'the employee has no rightful option but to adhere to the directive.'" (quoting *Berkovitz v. United States*, 486 U.S. 531, 536 (1998))); *see also Flynn*, 228 S.W.3d at 661–62 (Hecht, J., concurring)

9

("The discretionary function exception, like other exceptions in the [Texas Tort Claims] Act, was taken from the Federal Tort Claims Act."). Although not all conduct involving an element of judgment is shielded by immunity, those actions and decisions grounded in social, economic, or political policy are exactly the type of actions and decisions that the discretionary-powers exception is designed to protect. *See Gaubert*, 499 U.S. at 322–25; *Flynn*, 228 S.W.3d at 662 (Hecht, J., concurring). The United States Supreme Court has said that the question of whether an action is discretionary turns not on the government agent or his subjective intent when exercising discretion, "but on the nature of the actions taken and on whether they are susceptible to policy analysis." *Gaubert*, 499 U.S. at 325.

In deciding whether a university was immune from suit after its sprinkler system sprayed water into a public trail and knocked a bicyclist off of her bicycle, the majority in *Flynn* recognized two tests that Texas courts have applied for determining when conduct involves protected discretion. *Flynn*, 228 S.W.3d at 657. One draws the line between policy-level decisions and operational-level decisions while the other draws the line between the design of public works and their maintenance. *Id*. Although the *Flynn* majority did not articulate its decision in terms of social, economic, or political considerations, its decision aligns with the federal analysis. The majority did not consider the university's decision to install a sprinkler system (a decision that would necessarily implicate economic concerns) to be the relevant decision for the purposes of determining whether the exception applied; instead, the relevant decisions were "operational- or maintenance-level" decisions about where and when the sprinklers should spray water. *Id*. at 658.

10

Texas courts have generally found that actions and decisions implicating social, economic, or political considerations are discretionary while those that do not involve these concerns are operational- or maintenance-level. *Compare, e.g.*, *City of Brownsville v. Alvarado*, 897 S.W.2d 750, 754 (Tex. 1995) (affirming trial court's exclusion of evidence pertaining to jail's discretionary policy decisions, including evidence of allegedly inadequate suicide-prevention and CPR training, lack of video cameras, and jailer's practice of isolating inmates); *Chambers*, 883 S.W.2d at 654 (police officer's decision to engage in high-speed chase was discretionary), *with McClure v. Reed*, 997 S.W.2d 753, 755–56 (Tex. App.—Tyler 1999, no pet.) (decision to use flagman to direct traffic at construction site was discretionary policy-making, but flagman did not enjoy immunity while directing traffic because he was implementing policy); *Bennett v. Tarrant Cty. Water Control & Improvement Dist. No. One*, 894 S.W.2d 441, 452 (Tex. App.—Fort Worth 1995, writ denied) (decision to release water from spillway was discretionary policy formulation while "subordinate decision of determining the volume of outflow constitut[ed] policy implementation" at nondiscretionary, operational level). In addition, this Court has previously noted that applying the federal analysis of whether a decision implicates social, economic, or political policy strengthened our conclusion that the design of a highway's cross-slope and an engineer's decision not to deviate from that design were "precisely the type of highway-design, policy-level decision[s] to which courts apply the discretionary-function exception." *Texas Dep't of Transp. v. Hathorn*, No. 03-11-00011-CV, 2012 WL 2989235, at *8 & n.8 (Tex. App.—Austin July 19, 2012, no pet.) (mem. op.).

Even assuming that the City did have "a stated policy of eliminating or controlling identified hazards" and that the City had identified the area where the accident happened as a safety hazard, as the appellees allege, it does not necessarily follow that the City's failure to address this particular hazard was negligent policy implementation for which immunity is waived. The policy that the appellees describe does not mandate the construction of a guardrail or barrier with sufficient precision to make that action nondiscretionary under Texas Supreme Court precedent. *See Rodriguez*, 985 S.W.2d at 85; *Chambers*, 883 S.W.2d at 654. Rather, it requires the City to balance social and economic concerns and devise a plan to address each specific identified hazard. This demands a level of judgment beyond what was required of the university when it decided to activate its sprinkler in *Flynn*, the flagman when he directed traffic in *McClure*, and the water district when it determined how much water to release pursuant to pre-established parameters in *Bennett*. *See Flynn*, 228 S.W.3d at 657; *McClure*, 997 S.W.2d at 755–56; *Bennett*, 894 S.W.2d at 441. The appellees' contention that the City should have addressed the hazard by building a guardrail or barrier is ultimately a complaint about how the City chose to allocate its resources. This economically motivated decision is exactly the sort of policy formulation and balancing of interests that the discretionary-powers exception is meant to protect. *See Gaubert*, 499 U.S. at 323–25; *Flynn*, 228 S.W.3d at 662 (Hecht, J., concurring).

The appellees' underlying factual allegations do not assert that the hazard at issue arose from anything other than the design of West Cesar Chavez Street and the hike-and-bike trail. Specifically, they complain that there is a sharp turn on the road within feet of the hike-and-bike trail but no guardrail or barrier to protect trail patrons from vehicles that might veer off of the road and

onto the trail. However, Texas courts have consistently held that the design of public works and installation of safety features is discretionary and, consequently, immune from suit under Section 101.056. *E.g.*, *Texas Dep't of Transp. v. Ramirez*, 74 S.W.3d 864, 867 (Tex. 2002) (per curiam) ("[T]he median's slope and lack of safety features, such as barriers or guardrails, reflect discretionary decisions for which [the Texas Department of Transportation] retains immunity under the Act's discretionary-function exception."); *San Miguel*, 2 S.W.3d at 250 (State was immune from suit for using barrels to warn of missing guardrail because "[d]ecisions about highway design and about what type of safety features to install are discretionary policy decisions"); *Rodriguez*, 985 S.W.2d at 85; *Wenzel*, 852 S.W.2d at 98 (decision not to install barricade or warning sign was discretionary); *Hathorn*, 2012 WL 2989235, at *9 (Texas Department of Transportation immune from suit arising from highway's allegedly dangerous cross-slope because Department had specifically designed highway to have that cross-slope).

The appellees contend that the City should have installed a guardrail to prevent such undeniably tragic events as those presented by this case. This is, in essence, a complaint about the City's alleged decision not to modify the existing design of its public works. Because the discretionary-powers exception applies as much to a governmental unit's failure to change the design of a public work as it applies to the initial design and the changes that the governmental unit actually does make, the City therefore has immunity. *See City of El Paso v. Ayoub*, 787 S.W.2d 553, 554 (Tex. App.—El Paso 1990, writ denied) (original design of street and location of guardrails was discretionary, as was decision not to upgrade); *Stanford v. State Dep't of Highways & Pub. Transp.*, 635 S.W.2d 581, 582 (Tex. App.—Dallas 1982, writ ref'd n.r.e.) (failure to add guardrails to existing

13

overpass was discretionary because "construction of guardrails on an existing overpass is similar to changing the design of the overpass"). The appellees argue that the City's failure to make modifications was not a discretionary design decision because the City had already decided to create a policy that ultimately required modifications and had allegedly decided to install a barrier. However, immunity does not vanish where a governmental entity has decided to change the design of a public work but has not yet implemented that change. *See Burnett v. Texas Highway Dep't*, 694 S.W.2d 210, 212 (Tex. App.—Eastland 1985, writ ref'd n.r.e.) (failure to upgrade median barrier was discretionary when highway department had already made plans to upgrade but had not yet implemented those plans). The liability theories alleged by the appellees implicate discretionary decisions for which the City retains sovereign immunity.

**CONCLUSION**

The appellees' amended pleadings affirmatively negate the existence of jurisdiction because their claims are based on the City's discretionary actions for which the City is immune from suit under Section 101.056 of the Texas Tort Claims Act. We therefore reverse the district court's order denying the plea to the jurisdiction and render judgment dismissing this case. *See Miranda*, 133 S.W.3d at 227 (court may grant plea to jurisdiction without affording plaintiff opportunity to amend if pleadings affirmatively negate jurisdiction).

_____

Cindy Olson Bourland, Justice

Before Justices Puryear, Goodwin, and Bourland

Reversed and Dismissed for Want of Jurisdiction

Filed:   May 27, 2016

15